Appeal by the defendants from a judgment of the Supreme Court, Broome County, in favor of the plaintiff for the sum of $2,500, entered after a trial before the court without a jury. Plaintiff’s complaint alleged several causes of action, but only one survives with relation to the destruction of an easement for which the judgment of money damages was rendered. The Trial Judge dismissed plaintiff’s other causes, including one for an alleged interference with a sewer easement, and the defendant’s counterclaim, and the plaintiff has taken no appeal. He is foreclosed therefore from arguing as to the merits of any other cause of action. Plaintiff owns lots Nos. 4 and 5, and the building thereon, on the south side of East Clinton Street in the city of Binghamton, having acquired titie on February 24, 1945. Defendants own lots Nos. 38 and 39 on the west side of Water Street in the same city, apparently abutting in the rear of plaintiff’s lots. Defendants acquired title May 14, 1946. All the lots were at one time owned by a common owner, and unity of ownership was not severed until February, 1945. Plaintiff’s lots Nos. 4 and 5 adjoin each other and abut on East Clinton Street, and the rear of plaintiff’s lot No. 4 adjoins a portion of the defendants’ lot No. 39. In 1955 defendants erected a building on their lots Nos. 38 and 39, and at the juncture of lot No. 39 and the rear boundary line of plaintiff’s lot No. 4 constructed a concrete areaway of sufficient size to permit handcarts, small motorized vehicles and pedestrians access to the rear of plaintiff’s building on lot No. 4, but does not permit access thereto by trucks or passenger ears. Plaintiff’s deed is silent as to any right of way over lots Nos. 38 and 39, and the same is true of defendants’ deed. The trial court found: “It was established by the evidence of both plaintiff and defendants that the use of lots Nos. 38 and 39 was continuous for many years. Whether or not the use thereof was for convenience or necessity rests on the facts.” In context of his decision he was apparently referring to vehicular traffic to the rear of plaintiff’s lot No. 4. The trial court did, apparently, erroneously put the burden of proof on the defendants by saying: “ The defendants have not successfully shown that the right of way was not one of necessity.” However the evidence is such that it will support a finding of an easement- by *935 implication which passed as an appurtenance upon the severance of unity of ownership (Spencer v. Kilmer, 151 N. Y. 390; Jacobson v. Luzon Lbr. Co., 192 Misc. 183, affd. 276 App. Div. 787, affd 300 N. Y. 697). User was established, knowledge on the part of the defendants, and the situation of the lots and the plaintiff’s building was such that a grant may be implied by the owner that was essential to the reasonable use and enjoyment of the premises first demised. The trial court found damages instead of requiring defendants to alter their structure. The amount thereof seems to be reasonably supported by the evidence. As to this, plaintiff cannot complain since he took no appeal. Judgment affirmed, with costs.
Foster, P. J., Bergan, Coon and Gibson, JJ., concur.